UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CLIFFORD JOHN FANTEL, JR. Plaintiff, | : : : | |
| v. | : : | C.A. No. 24-81WES |
| TOWN OF SOUTH KINGSTOWN, et al. Defendants. | : : : | |

### REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This is the second case filed in this Court in February 2024 by *pro se* Plaintiff Clifford John Fantel, Jr., against Defendants Town of South Kingstown, South Kingstown Police Department and his "fake parents" (Clifford J. Fantel, Sr. and Donna Fantel). ECF Nos. 1, 1-1 at 1-2 ("Fantel II"). In Fantel II, the operative pleading consists of the initial complaint, ECF No. 1, a simultaneously filed attachment, ECF No. 1-1, and an Addendum, ECF No. 6, filed on March 7, 2024 (collectively, "Complaint"). In the earlier case, Fantel v. South Kingstown, 24-cv-52JJM ("Fantel I"), Plaintiff also named other defendants (such as Donald J. Trump and the United States Post Office), while in this case, Plaintiff has added as defendants the Washington County Courthouse, the State of Rhode Island, Gateway Healthcare, Lifespan and Jeremy Handley. However, in his *in forma pauperis* ("IFP") application in this case, Plaintiff lists Donald J. Trump as someone who owes him $1 billion. ECF No. 3 at 3. Both cases are based on the Fourth and Fifth Amendments, as well as Article I, § 10, cl.1, of the United States Constitution (the latter clarified as the subclause providing that, "No State shall . . . impair[] the obligations of contracts," ECF No. 1-1 at 2). In this case, Plaintiff also relies on the First and Fourteenth Amendments, including the privileges and immunities clause. Both cases appear to

relate to state court proceedings in the Washington County Courthouse (identified as "w2-2020-0201a" and "w2-2020-01331," ECF No. 1-1 at 1).

On February 15, 2024, Fantel I was dismissed at screening because it fails to state a claim and the facts asserted are not plausible; Plaintiff's motion for temporary restraining order was denied as moot. Fantel I, ECF No. 5 at 2. Plaintiff filed Fantel II eleven days later. The Court promptly denied Plaintiff's motion for a temporary restraining order on February 27, 2024, holding that Plaintiff failed to demonstrate a likelihood of success on the merits because the claims appear to center on state court proceedings, and so the Court "must abstain from hearing th[e] challenge."[1] Text Order of Feb. 27, 2024.

Accompanying Fantel II, Plaintiff has filed a motion for leave to proceed IFP, which has been referred to me. ECF No. 3. Because (apart from his claimed entitlement to $1 billion from Donald J. Trump), Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(1), the IFP motion would likely be granted. However, in light of the IFP motion, the Court is directed to preliminarily screen the pleading pursuant to 28 U.S.C. § 1915(e)(2)(B). To survive screening, analogous to surviving a motion to dismiss, a complaint must contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see Avelin v. South Kingstown Police Dep't, C.A. No. 22-00295-WES, 2022 WL 3646613, at *1 (D.R.I. Aug. 24, 2022) (standard for dismissal of an action taken IFP is identical to the standard for dismissal under Fed. R. Civ. P. 12(b)(6)), adopted by Text Order (D.R.I. Sept. 14, 2022), appeal dismissed,

---

[1] In Plaintiff's most recent filing, captioned as an "Addendum" to the Complaint, Plaintiff mentions in passing that the "restraining orders upon the defendants named is requested to be reconsidered." ECF No. 6 at 2. The Court has treated the Addendum as part of the Complaint and not as a motion. Plaintiff is advised that the Court will only consider such a request if it is set forth in a separately docketed motion for reconsideration. DRI LR Cv 7(a)(1). If the Court adopts my recommendation that the case be dismissed, such a motion would be denied as moot.

2

No. 22-1932 (1st Cir. Jan. 19, 2023).  If a complaint fails to state a plausible claim or is frivolous or malicious it must be dismissed.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  In addition, a complaint filed in federal court must include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and if it does not, it is subject to dismissal.  See Martinez v. Investigator Raposo, C.A. No. 22-00144-WES, 2022 WL 1063823, at *2 (D.R.I. Apr. 7, 2022) ("Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud") (internal quotation marks omitted), adopted by Text Order (D.R.I. Apr. 28, 2022).

I have taken all the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in Plaintiff's favor.  See Smith v. Roger Williams Univ. L. Sch., Case No. 21-cv-133-PJB-AKJ, 2022 WL 2387632, at *1 (D.R.I. Feb. 16, 2022).  In addition, I have liberally reviewed Plaintiff's allegations and legal claims, mindful that he is a *pro se* litigant.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).  Applying these liberal standards of review to Plaintiff's pleading, I recommend dismissal because, like Fantel I, this Complaint fails to state any plausible federal claim arising under any of the federal provisions of law that Plaintiff invokes.  By way of one example, Plaintiff accuses Defendant Handley of "trying to force plaintiff on disability or SSI," and of subjecting Plaintiff "to third party harassment similar to when the [Federal Communications Commission] made robo calling illegal by being contacted by text from Lifespan to sign up for health insurance when government has no power to compel third party contracts."  ECF No. 1-1 at 2.  Such allegations do not plausibly state a claim against this defendant, apparently an individual about whom the Complaint otherwise reveals nothing.  See Iqbal, 556 U.S. at 678.  The Court is not required to accept such "factual contentions that are irrational, delusional, or wholly incredible."  Laurence v. Wall, No.

3

CA 09-427 ML, 2009 WL 4780910 at *2-3 (D.R.I. Dec. 10, 2009) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992) (court need not accept "fantastic or delusional scenarios")).

Fantel II should also be dismissed based on Plaintiff's allegation that "[t]hese wrongs occurred in 2020." ECF No. 1-1 at 2. With this allegation on the face of the pleading, all claims are time-barred based on the three-year statute of limitations for a 42 U.S.C. § 1983 claim in Rhode Island. See Gonzalez v. LeClair, C.A. No. 23-00116-JJM, 2023 WL 2809192, at *3 (D.R.I. Apr. 6, 2023). In addition, to the extent that Plaintiff's pleading appears to be asking this Court to intervene in ongoing criminal matters and/or to review a terminated state court criminal/civil decision,[2] which would be barred by either Younger and/or the Rooker-Feldman doctrine, this case should be dismissed at screening. See Carr v. Blish & Cavanagh, LLP, C.A. No. 23-495WES, 2023 WL 8620672, at *2 (D.R.I. Dec. 13, 2023) (complaint that appears to ask federal court to interfere with judicial proceedings that may be underway and/or concluded in state court dismissed at screening) (citing Younger v. Harris, 401 U.S. 37 (1971) (preventing a federal court from interfering with ongoing state criminal prosecution) and Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) (preventing lower federal courts from sitting in direct review of state court decisions)), adopted by Text Order (D.R.I. Jan. 4, 2024).

Based on the foregoing, I recommend that Plaintiff's Complaint (comprised of ECF Nos. 1, 1-1, 6) be summarily DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim, as well as because, as Plaintiff's "second bite at the apple," it is frivolous. Gonzalez, 2023 WL 2809192, at *3. I further recommend that Plaintiff's IFP application (ECF No. 3) be denied as moot. Any objections to this report and recommendation

---

[2] It is not possible to determine from Plaintiff's pleading whether the referenced state court cases in which his Complaint appears to ask this Court to intervene are civil or criminal. Nor is it possible to ascertain whether they are ongoing or already terminated.

must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 8, 2024